UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES STEWART (#111347)

VERSUS                                        CIVIL ACTION

BURL CAIN, ET AL                              NUMBER 11-403-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 6, 2012.

                          STEPHEN C. RIEDLINGER
                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES STEWART (#111347)

VERSUS							CIVIL ACTION

BURL CAIN, ET AL				NUMBER 11-403-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 14. The motion is opposed.[1]

Pro se plaintiff, an inmate currently confined in Rayburn Correctional Center, Angie, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Penitentiary ("LSP") Warden N. Burl Cain, Lt. Col. Warren Foster, Capt. Juan Conrad, Capt. Joseph Barr, Capt. Darren Cashio, MSgt. Kevin Griffin, Sgt. Raymond Laurent[2] and Sgt. Eby. Plaintiff alleged that the defendants were deliberately indifferent to his health and safety in violation of his constitutional rights. Plaintiff sought compensatory and punitive damages and unspecified injunctive relief.

Defendants moved to dismiss for failure to state a claim upon

---

[1] Record document number 19.

[2] This defendant was identified as Sgt. Larent in complaint.

which relief can be granted.[3]

## I. Factual Allegations

Plaintiff alleged that on June 12, 2010, he told Sgt. Eby that he was suicidal and declared himself a mental health emergency. Plaintiff alleged that he was placed in restraints by Sgt. Eby and then placed a shower cell until the shift changed. Plaintiff alleged that he was removed from the shower cell by Sgt. Laurent, placed back in his cell and the restraints were removed. Plaintiff alleged that he told Sgt. Laurent that he was having suicidal thoughts and asked why he was not placed in an appropriate cell. Plaintiff alleged that Sgt. Laurent told him that they had no place to put him and asked the plaintiff if there was anything he could do for the plaintiff. Plaintiff alleged that he tried to hang himself and that Sgt. Laurent "cut me down."

Plaintiff alleged that following his suicide attempt Capt. Cashio and Emergency Medical Technicians ("EMT") MSgt. Griffin splashed water in his face, twisted his ear, pulled on his head and placed his hands under his chin trying to choke him. Plaintiff alleged that when he began choking, Capt. Cashio pushed him down on his back and then Capt. Cashio screwed his fist into the plaintiff's chest so hard his skin came off. Plaintiff alleged

---

[3] Defendant Sgt. Eby was not served with the summons and complaint and did not participate in this motion. Record document number 8. Plaintiff provided no additional information to identify this defendant.

that Capt. Cashio gripped the leg restraints and pulled the plaintiff out of the cell. Plaintiff alleged that MSgt. Griffin grabbed him by the head and the two placed him on a stretcher and transported him to the prison hospital. Plaintiff alleged that while in the ambulance, Capt. Cashio punched him in the ear and struck his testicles with a slipper in an effort order to make him speak. Plaintiff alleged that when they arrived at the prison hospital Capt. Cashio acted as though the plaintiff was not responsive and hit him under the nose.

Plaintiff alleged that he was examined by a doctor who ordered that he be placed on suicide watch. Plaintiff alleged that Capt. Barr escorted him to Camp J. Plaintiff alleged that while he was being placed in a cell, Lt. Col. Foster commented that there was nothing wrong with him and told the officers to remove him from that cell. Plaintiff alleged that Capt. Barr and Capt. Conrad dragged him to a cell on Gator 3-Right cell 2 where he was placed in the cell, all skinned up, and left unattended without having an EMT examine him. Plaintiff alleged that the next day, he was examined by an EMT who sent him to the hospital to be examined by a doctor. Plaintiff alleged that an investigative services officer took photographs of his injuries.

## II. Applicable Law and Analysis

### A. Insufficiency of Service of Process

Defendants moved to dismiss pursuant to Rules 12(b)(5) and

3

4(m), Fed.R.Civ.P., for failure to timely perfect service.

Plaintiff signed the complaint on June 10, 2011, and it was filed on June 16, 2011. On June 21, 2011, the plaintiff's motion to proceed in forma pauperis was granted[4] and the United States Marshal was ordered to serve the defendants wherever found.[5]

Rule 4(c)(3) provides that a party proceeding in forma pauperis is entitled to service by the U.S. Marshal. In this case, since the plaintiff was proceeding in forma pauperis, he was dependent upon the U.S. Marshal's Service to serve the defendants.

Under Rule 4(m) a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id*.

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id*. In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis

---

[4] Record document number 3.

[5] Record document number 4.

4

for noncompliance within the time specified' is normally required." *Id.* (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)). It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Id.* at 1305-06.

An incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, if the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will be unable to show good cause for such failure. *Id.*

A review of the Process Receipt and Return Form USM-285 showed that the plaintiff completed the form on September 27, 2011, and it was received by the U.S. Marshal on September 29, 2011.[6] The U.S. Marshal served the defendants, except defendant Sgt. Eby, on October 24, 2011.[7]

From the date the plaintiff signed his complaint on June 10, 2011, until September 29, 2011, the date the U.S. Marshal received

---

[6] Record document numbers 8 and 9.

[7] *Id.*

the Form USM-285, 110 days of the service period elapsed.

In his opposition to the defendants' motion to dismiss, the plaintiff argued that he was transferred from Sherman Walker Correctional Center to LSP shortly after filing the complaint. Plaintiff asserted that the U. S. Marshal sent the Form USM-285 to Sherman Walker and the mail was not forwarded to him at LSP. Plaintiff asserted that he sent a letter to the U.S. Marshal Service on August 16, 2011, requesting the Form USM-285.[8] Plaintiff asserted that he received the form on September 22, 2011.

The record evidence supports a finding that the failure to timely effect service was not due to the "dilatoriness or fault" of the plaintiff and that the plaintiff has shown good cause for failure to timely effect service.

Defendants' motion to dismiss pursuant to Rule 12(b)(5) and 4(m) for failure to timely perfect service should be denied.

**B. Sovereign Immunity**

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official

---

[8] Record document number 19, p. 7, Exhibit B.

in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's 'policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the plaintiff may recover money damages against the defendants insofar

7

as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendants in their official capacity is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

**C. Motion to Dismiss Standard**

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has

8

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id*. at 1949-50 (internal quotation marks omitted).

**D. No Physical Injury**

Defendants argued that the plaintiff's claims are subject to dismissal pursuant to 42 U.S.C. § 1997e(e) because the plaintiff failed to allege that he sustained a physical injury.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or

9

> other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Although § 1997e(e) prohibits the recovery of compensatory damages without a prior showing of physical injury, it does not bar a plaintiff's ability to recover nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

Defendants argued that the plaintiff's injuries, to the extent he suffered any, are *de minimis*. Relying on *Alexander v. Tippah County*, 351 F.3d 626 (5th Cir. 2003), the defendants argued that the injury required by § 1997e(e) must be more than *de minimis,* but need not be significant. *Alexander* cited both *Harper v. Showers*, 174 F.3d 716 (5th Cir. 1999) and *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). All three cases were decided before the Supreme Court addressed the issue in the context of excessive force claims in *Wilkins v. Gaddy,* ___ U.S. ___, 130 S.Ct. 1175 (2010). There, the Supreme Court ruled that "'the core judicial inquiry' [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id*. at 1178 (citations omitted).

To the extent that the Fifth Circuit test required some specific quantum of injury - regardless of the force applied - it appears to be overruled by *Wilkins*. In *Brown v. Jones*, 2012 WL

2505236 (5th Cir. June 28, 2012), the Fifth Circuit, relying on *Wilkins*, held that the district court erred in granting summary judgment on defendant's assertion of qualified immunity simply because Brown did not show that he suffered more than a *de minimis* injury.

Even assuming the *de minimis* rule remains valid, the plaintiff alleged injuries sufficient to satisfy the statutory prerequisite. Defendants concede that the plaintiff alleged that he sustained cuts, bruises, and permanent physical scars and he experienced severe pain and suffering as well as mental anguish as a result of the defendants' alleged actions. Defendants concede that the medical records attached as exhibits to the complaint showed that the plaintiff sustained a bruise on his sternum, superficial scrapes on his left leg, a blister on his left foot and blood clots in his left ear.

A review of the allegations in the complaint showed that the plaintiff alleged that he sustained more than a *de minimis* physical injury as a result of the defendants' alleged actions. Defendants' motion to dismiss on grounds that the plaintiff failed to allege a *de minimis* physical injury is without merit and should be denied.

**E. Qualified Immunity**

Defendants argued that they are entitled to qualified immunity

11

because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id*., at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would

have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

### 1. Deliberate Indifference to Risk of Suicide

Plaintiff alleged that on June 12, 2010, Sgt. Eby and Sgt. Laurent failed to protect him from harming himself after he told them he was suicidal and wanted to be placed on suicide watch. Plaintiff alleged that Sgt. Laurent placed him in a cell unrestrained and he attempted to hang himself.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff's allegations of deliberate indifference are sufficient to state a claim upon which relief can be granted.

13

## 2. Excessive Force During and After Cell Entry

Plaintiff alleged that Capt. Cashio, MSgt. Griffin, Capt. Barr, Capt. Conrad and Lt. Col. Foster subjected him to an excessive use of force. Specifically, the plaintiff alleged that Capt. Cashio and Mst. Griffin were summoned to provide him medical treatment after his suicide attempt. Plaintiff alleged that the Capt. Cashio and MSgt. Griffin kicked water in his face and MSgt. Griffin choked him. Plaintiff alleged that Capt. Cashio twisted his ear and screwed his fist in to his chest so hard that he rubbed his skin off. Plaintiff alleged that Capt. Cashio punched him in the ear causing it to bleed, beat his testicles with a shower slipper and hit him real hard under his nose.

Plaintiff alleged that Capt. Barr and Capt. Conrad dragged him out of the van and along a concrete sidewalk for approximately 50 to 60 yards. Plaintiff alleged that Lt. Col. Foster encouraged them to use excessive force against him. Plaintiff alleged that he was all skinned up as a result of being dragged to his cell.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970

F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

Plaintiff's allegations of an excessive use of force are sufficient to state a claim upon which relief can be granted.

### 3. Denial of Medical Treatment

Plaintiff alleged that Capt. Barr and Capt. Conrad denied his request for medical treatment after he was dragged down the concrete sidewalk. Plaintiff alleged that he was all skinned up and had suffered cuts and bruises. Plaintiff alleged that he was examined by medical personnel the next day.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).

Plaintiff's claim of denial of medical treatment does not rise to the level of a constitutional violation. Plaintiff's allegation that the defendants failed to provide him with prompt treatment for his scrapes and bruises, without more, does not rise to the level of a constitutional violation.

### 4. Verbal Abuse

Plaintiff alleged that Lt. Col. Foster was verbally abusive.

Allegations of verbal abuse alone do not present claims under section 1983. "Mere threatening language and gestures of a

custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). The allegations against Lt. Col. Foster regarding verbal abuse is therefore insufficient to raise a constitutional violation.

### 5. Failure to Train

Plaintiff alleged that defendant Warden Cain failed to properly supervise, train and discipline his employees.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1369 (1987) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037 (1978)). The existence of a constitutionally deficient

16

policy cannot be inferred from a single wrongful act. *O'Quinn v. Manuel*, 773 F.2d 605, 609, 610 (5th Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427 (1985)).

Plaintiff failed to allege any facts regarding the implementation of a constitutionally deficient policy. Plaintiff's allegations against defendant Warden Cain based on a claim that he failed to train his employees does not present an arguable factual or legal basis for relief.

### 6. Denial of Administrative Remedy Procedure

Plaintiff alleged that he filed an Administrative Remedy Procedure ("ARP") complaining that the defendants subjected him to cruel and unusual punishment. Plaintiff alleged that Warden Cain denied his request for relief.

Plaintiff does not have a constitutional right to a favorable response to his ARP. *Sullivan v. DeRamcy*, 460 Fed.Appx. 374, 376 (5th Cir. 2012); *Geiger v. Jowers*, 404 F.3d 371, 373-73 (5th Cir. 2005). Plaintiff's allegations against defendant Warden Cain based on his denial of administrative relief does not present an arguable factual or legal basis for relief.

### F. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex

issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted in part, dismissing the plaintiff's claims that: (1) defendants Capt. Barr and Capt. Conrad denied him medical treatment; (2) defendant Lt. Col. Foster verbally abused him; (3) and defendant Warden Cain failed to properly supervise, train and discipline his employees and denied the plaintiff's Administrative Remedy Procedure. In all other respects the defendants' motion to dismiss should be denied.

It is further recommended that the court decline to exercise supplemental jurisdiction over any state law claim.

It is further recommended that the claims against Sgt. Eby be dismissed pursuant to Rule 4(m) for failure to serve the defendant.

Baton Rouge, Louisiana, July 6, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE